James E. Cecchi                          Jonathan Shub
Lindsey H. Taylor                        Scott Alan George
Caroline F. Bartlett                     SEEGER WEISS LLC
CARELLA, BYRNE, CECCHI,                  1515 Market St., Suite 1380
OLSTEIN, BRODY & AGNELLO, P.C.           Philadelphia, PA 19102
5 Becker Farm Road                       (215) 564-2300
Roseland, NJ 07068
(973) 994-1700

Jamie E. Weiss
Julie D. Miller
COMPLEX LITIGATION GROUP LLC
513 Central Ave.
Suite 300
Highland Park, IL 60035


Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAISY MONTICH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff<br><br>　v.<br><br>MIELE USA, INC.,<br><br>　　　　　　　　　　Defendant. | Civil No. 3:11-cv-02725-MAS-DEA<br><br><br>**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Daisy Montich, individually and on behalf of all others similarly situated, complains against defendant Miele USA. ("Miele" or "Defendant"), upon personal knowledge as to herself and own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by her attorneys, as follows:

## OVERVIEW OF THE ACTION

1.      This is a proposed class action brought by Plaintiff individually and on behalf of a proposed Class of consumers of Miele front load washing machines (collectively, "Machines" or "Miele Washing Machines"), as defined more fully herein, which were purchased by Plaintiff and the putative class.

2.      This action arises from the sale of Miele Washing Machines that Miele knew or should have known contained a design flaw and/or defect, which results in the Machines exhibiting mold and/or mildew under normal use.

3.      Miele's conduct gives rise to Plaintiff's claims for violation of state consumer protection laws, breach of implied warranty, and unjust enrichment.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).  This is a class action involving more than 100 class members.  At least one member of the Class is a citizen of a State different from defendant, and the amount in controversy, in the aggregate, exceeds the sum of $5,000,000.00 exclusive of interest and costs.

5.      Venue is proper under 28 U.S.C. § 1391.  Defendant conducts substantial business in this District.  Defendant is headquartered in New Jersey, transacts business in New Jersey and committed illegal acts in, maintains agents or representatives in, and is otherwise found in this District.  Defendant regularly and continuously conducts business in interstate commerce that is carried out in part in this District.

## PARTIES

6.      Plaintiff Daisy Montich is a citizen of California, and resides in Torrance, California.  On or about July 27, 2007, Plaintiff purchased a Miele Washing Machine

from a Ferguson Enterprises, Inc. store in California and took delivery of the Machine on or about September 25, 2007.  Within one year of delivery, Plaintiff began to experience mold, mildew and/or foul odor accumulation in the Washing Machine and on clothes and other items washed in the Washing Machine.

7.     Defendant Miele USA, Inc. is a Delaware corporation with its principal place of business at 9 Independence Way, Princeton, New Jersey 08540.   Miele manufactures thousands of washing machines each year, a substantial portion of which are sold or offered for sale in New Jersey.  Miele has sold, either directly or indirectly, thousands of its defective Washing Machines nationwide and in the State of New Jersey.

**FACTS**

**Miele Washing Machines**

8.     Defendant marketed and sold a line of front-loading washers, the Miele Washing Machines, throughout the United States.  The machines are used primarily for consumer and household purposes.  Miele sold the machines as part of its trade or business.

9.     Defendant translated its trademark "Immer Besser" (literally "Forever Better"), for the American market as "Anything else is compromise."  This was to be no hollow or singular boast, but rather amplified by the purported qualities of the award-worthy appliances it designed and manufactured.

10.    As Miele has stated in its American marketing materials since late 2006 or early 2007, which Ms. Montich observed and relied upon, including its website: "more than 14,000 employees of Miele are motivated to produce products that are not only high performing, safe and easy to use, but also made to the highest quality standards and from

the best raw materials. These ingredients are critical, for our mission is to create products that customers will enjoy for a lifetime of use with confidence and reliability.  At the very core of Miele's technical and production competencies are washing machines.  Having more experience than almost any other appliance company on the planet, Miele has taken the washing machine . . . around the world to the highest level of durability, reliability and convenience while always remembering the product's potential impact on our cherished natural resources.  With these factors in mind, Miele creates the ultimate fabric care system that cleans and protects clothing better than any other.  Guaranteed."

11.    When marketing its Miele Washing Machines, Miele was clear to point out that this was a high-tech product that was designed to meet the strictest energy and water conservation standards while providing outstanding cleaning and dependability for even the most delicate, important and valuable clothes.

12.    As Miele recites on its United States website, and echoed in other marketing materials including those available at the shop floor, since late 2006/early 2007:

> "Today, this family owned and operated company continues to innovate to make products that are built to last and made to outperform any other. The revolutionary Honeycomb™ drum represents Miele's latest advancement in at-home fabric care.  Among the many benefits in this **quantum leap of technology** include:
>     Even better washing results
>     Considerably lower water consumption and
>     A longer life span of your clothing given its gentle handling of garments."

> "Cleaning Performance That Will Make Your Dry Cleaner Envious . . . Over the past 10 decades, Miele has conducted volumes of research in the field of fabric care, but in the United States and in countries all around the world.  After sifting through all this data, the key requirement for in-home fabric care are collected in the following categories:
>     Ultimate cleaning performance
>     Easy-to-use and maintain

Quality and longevity of product and your clothing
Eco-friendly
Brand you can trust
At the end of it all, the key jobs of a washing machine are to clean and care for your clothing."

"What Does This [the Miele technology] Mean to You and Your Family? . . . there is virtually no chance your clothes will be damaged . . . . An independent study . . . proves that your valuable wardrobe will be cleaner and last up to **four times longer** if cared for in a Miele."

"Environmental Commitment. .  . It's OK to be 'Green' . . . Your children's children will thank you . . . . Our research and development teams are constantly striving to improve the performance of our appliances and the manner in which they are manufactured.  In so doing, we ensure that raw materials, energy, water and other natural resources are used sparingly.  These high standards, set for ourselves . . . allowed Miele to become the first appliance manufacturer in the world to gain certification to the stringent International Environmental Standard DIN EN ISO 14001.  From your household operations standpoint, every Miele washing machine qualifies for the Energy Star Program; supported by local utility companies to help reward owners of high-efficiency appliances.  As a matter of fact, Miele has one of the most efficient washing machines on the market, using as little as 7.8 gallons of water per load.  Cleaner clothes and lower utility bills – a perfect match for anyone."

The benefits of Miele's "Clean and Sanitize" function which is supposed to recognize that nothing gets "closer to your skin" than your clothes, and is said to eliminate contaminates like "bacteria, fungus spores and viruses."

13.     Similarly, in several of Miele's advertisements the quality of the washing was singled out, a wedding gown or similarly important and delicate garments are shown emerging from a Miele washing machine as clean as the wedding day on which it was worn or protecting the body of the owner of a Miele machine.

14.     Based on such quality and features, consumers paid a premium for the machines, which were priced at the top of the washing machine market.  Consumers often paid in excess of $1,700.00 for a Machine.  However, entrusting one's clothing to the Miele, particularly important items like wedding gowns, was a mistake unless one wanted these clothes tainted by mold and mildew.

15.     The Machines contain a common design defect that causes them to develop mold and/or mildew with normal use.  On information and belief, the Machine suffers from a common design defect that prevents proper water drainage failure, particularly at the door seal, which design defect manifests itself by exhibiting mold and/or mildew.  Consequently, the Machines otherwise do not perform as durable and dependable washing machines.

16.     The Machines as designed do not perform in accordance with the reasonable expectations of Plaintiff and Class members.

17.     On information and belief, Defendant has received a significant number of complaints regarding performance of the Machines, and in particular, problems regarding mold and mildew.

18.     The inability of the Miele Washing Machines to properly drain, especially the door seal, is due to a common design defect.  Miele knew, or should have known, of the design defect at the time it sold the Machines.

19.     The development of mold and mildew in a washing machine is a material fact that any consumer would consider in selecting a machine for purchase as are the economic benefits of dependability, durability and efficiency/conservation when paying a premium price for a top-tier machine, like those manufactured and sold by Miele.

20.     At no time has Miele disclosed the design defect to purchasers of Miele washing machine or to the general public, who would not otherwise know of the defect. On information and belief, Miele actively concealed the existence of the defect, even when purchasers began contacting Miele about the development of mold and mildew in their machines.

21. Defendant provided an express warranty with Machines that guaranteed, for the first year from the date of purchase, free replacement of parts without labor charge. But Defendant has provided no warranty relief for the mold and mildew causing defect because the consumer may not be aware of the defect until after one year had passed, and because Miele has no real fix to offer, suggesting only that the consumer runs empty wash cycles which compromises the promised efficiencies of the washing machines.

22. As a result of Defendant's failures and misconduct as detailed herein, Plaintiff and the proposed Class members have been damaged.

## Named Plaintiff's Facts

23. On or about July 27, 2007, Plaintiff purchased a Miele Washing Machine for approximately $1,799. Plaintiff used the washer for normal home use.

24. Plaintiff was unaware of the defect in the Miele Washing Machine before her purchase.

25. Rather, given Miele's marketing and other materials about the Miele brand and Miele washing machines which she had read and to which she had been exposed prior to her purchase of her Miele washing machine, she expected to purchase a washing machine that saved energy and water while providing outstanding cleaning and dependability, including a long useful life. She did not expect to buy one that would become contaminated with mold and mildew, require that clothes be washed and immediately re-washed, and need to be run empty on occasion to curb, only somewhat, the contamination and smell.

7

26.     Prior to her purchase, Ms. Montich was familiar with the Miele brand as being synonymous for quality and reliability, an impression based not only on Miele's marketing, but also on the limited and select distributors Miele chose to use for sales of its products in the United States.

27.     Ms. Montich and/or her husband researched the Miele machine.  Based on this research, including Miele marketing materials available on the showroom floor and the Miele United States website, Ms. Montich read the statements outlined above (*i.e.*, ¶¶ 10-13) and was lead to believe that Miele was a top-of-the-line manufacturer of reliable appliances and that the Miele machine would conserve water and energy, was eco-friendly, and would protect and ensure a long, useful life for her clothes and the clothes of her family.  When she visited a retail showroom, the same messages and statements were echoed by sales staff.

28.     Such qualities were material to and played a substantial part in her decision to purchase a Miele washing machine.  She paid more for the Miele washing machine expecting that it would meet such expectations, and was unaware of the defect which Miele omitted from these materials and concealed from the public.  Indeed, because her husband could be described as an environmentalist and a conservationist, the promised efficiencies were seen by Ms. Montich to justify the premium price of the Miele.

29.     Starting around the summer of 2008, Plaintiff began experiencing problems with her Miele Washing Machine, specifically the machine began to have a mildew/mold odor.  Additionally, her laundry had a mildew odor on it after being washed in the Miele Washing Machine, necessitating re-washing of many loads.

30.     Plaintiff regularly leaves the door open on her Washing Machine.

31.     Plaintiff contacted Defendant about this problem, but Defendant continued its active concealment of the defect in its machines.  Defendant sent her a Descaler to run in the machine on an empty cycle to allegedly remediate the mold/mildew problem. Plaintiff continues to have a mold/mildew odor issue even after use of the Descaler.  Such a practice is supposed to be regularly carried out.

32.     If Plaintiff had known about the defect in the Miele Washing Machine (which Miele actively concealed) when she was shopping for a washing machine, she would not have purchased a Miele and certainly would not have paid the premium price that she did for the Miele Washing Machine.

## CLASS ACTION ALLEGATIONS

### A.     Definition of the Class

33.     Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the classes defined below, of which Plaintiff is a member:

> Class A:
>
> All persons and entities who own a Miele Washing Machine
>
> Class B (Multi-State Sub-Class):
>
> All persons and entities in New Jersey, Arizona, California, Florida, Illinois, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New York, Ohio, Texas, Wisconsin and Washington who own a Miele Washing Machine

34.     The class/es (collectively, "class") may be modified pending discovery. Excluded from the Class are members of the judiciary, Defendants, any entity in which

they have a controlling interest, and their officers and directors and the members of their immediate families.

### B.      Numerosity

35.      At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable.  The number of Class members can be determined through appropriate discovery.

### C.      Commonality

36.      There are questions of law or fact common to the Class, including at least the following:

(a)  Whether Miele Washing Machines contain a common design defect that results in mold or mildew from normal use;

(b)  Whether Defendant knew or should have known that Miele Washing Machines are not dependable and/or not suitable for use as home washing machines;

(c)  Whether Defendant concealed from and/or failed to disclose to Plaintiff and putative Class material facts;

(d)  Whether Defendant engaged in unfair or deceptive acts and/or practices when it failed or omitted to disclose the unreliability of, and/or design defect inherent in, Miele Washing Machines;

(e)  Whether Defendant's actions violated the New Jersey Consumer Protection Act, and/or consumer protection laws of various states;

(f)  Whether Defendant is/was unjustly enriched;

(g)  Whether Declaratory Relief is appropriate; and

(h)  Whether Plaintiff and the Class have been damaged, and if so, what is the proper measure of such damages?

**D.    Typicality**

37.    Plaintiff has the same interests in this matter as all other members of the Class, and her claim is typical of all members of the Class.

**E.    Adequacy**

38.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions.  Plaintiff will fairly and adequately represent the interests of the Class members and do not have interests adverse to the Class.

**F.    The Prerequisites of Rule 23(b)(2) are Satisfied**

39.    The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

40.    The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant.  For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal.  Individual actions may, as a practical matter, be dispositive of the interest of Class members, who would not be parties to those actions.

41.    Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

42.    Defendant's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

## G.     The Prerequisites of Rule 23(b)(3) are Satisfied

43.     This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).   The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.   The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member.   This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

## COUNT I
### Brought on Behalf of Class B
#### (Cal. Bus. & Prof. Code § 17200 *et seq.* and substantially similar consumer protection laws[1])

44.     Plaintiff repeats the allegations contained in the prior paragraphs, as if fully set forth herein.

45.     Defendant has engaged in unfair, unlawful, and fraudulent business acts or practices as set forth above.

---

[1]   *See* Fla. Stat. Ann. § 501.201 *et seq.* (Florida); 815 ILCS § 505/1 *et seq.* (Illinois); Md. Code Ann., Com. Law § 13-101 *et seq.* (Maryland); Mass. Gen. Laws ch. 93A, § 1 *et seq.* (Massachusetts); Mich. Stat. Ann. § 19.418(1) *et seq.* (Michigan); Minn. Stat. § 8.31 *et seq.* (Minnesota); Mo. Rev. Stat. § 407.010 *et seq.* (Missouri);  N.J.S.A. 56:8-1 *et seq.* (New Jersey); N.Y. Gen. Bus. Law. § 349 *et seq.* (New York); Ohio Rev. Code Ann. § 1345.01 *et seq.* (Ohio); Tex. Bus. & Com. Code Ann. § 17.41 *et seq.* (Texas); Wash. Rev. Code § 19.86.010 *et seq.* (Washington); Wis. Stat. § 100.18 *et seq.* (Wisconsin).

46.     Defendant's conduct constitutes unfair business acts and/or practices because Defendant's actions have caused and are likely to cause substantial injury to Plaintiff and other purchasers of its washing machines, which injury is not reasonably avoidable by Plaintiff and other purchasers in light of Defendant's exclusive knowledge of the defect in the Washing Machines, and is not outweighed by the acts' and practices' benefits, if any, to Plaintiff and other purchasers.

47.     Such conduct is ongoing and continues to this date.

48.     Defendant's acts and practices of selling washing machines while omitting and concealing the material fact that these machines have a high propensity to develop mold and/or mildew in the usual course of regular use offends an established public policy or are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.   Furthermore, these acts and practices threaten an incipient violation of consumer protection statutes or violate the policy and spirit of such laws because the effect of the acts and practices are comparable to or the same as a violation of the law or otherwise significantly threaten or harm competition.

49.     Defendant's omissions and misrepresentations are anticompetitive because consumers are lured into buying Defendant's washing machines when, had they been made aware of the true facts, they would have bought a different machine, such as a traditional or high-efficiency top loading washing machine or other alternatives.

50.     Defendant's acts and practices are unlawful because they violated California Civ. Code. §§ 1668, 1709, 1710, and 1711.  Defendant's acts and practices are also unlawful because they violated the Cal. Comm. Code § 2313, Bus. & Prof. Code §

17500, and the common law as alleged throughout this complaint in the claims for relief that follow.

      i.     Defendant violated Civ. Code § 1668 by attempting to exempt itself from liability for selling defective washers and by unlawfully limiting the warranty period of the washers it knows to be defective.

      ii.    Defendant violates Civ. Code §§ 1709, 1710, and 1711 by not disclosing to the public the material fact that the washing machines have a high propensity to develop mold and/or mildew. Defendant knowingly or recklessly conceals this fact. Plaintiff and other purchasers were not aware of this fact and would not have purchased the Miele Washing Machines had they known of the defect. As a result, Plaintiff and other purchasers lost money by overpaying for the Miele Washing Machines.

51.    Defendant's acts and practices are fraudulent in that they have deceived and/or are likely to deceive Plaintiffs and other purchasers. Defendant knowingly sold Plaintiff and others washing machines essentially unusable for the purposes for which they were purchased.

52.    Plaintiff and other purchasers relied upon Defendant's unfair, unlawful, and fraudulent business acts and practices – the material misrepresentations, omissions, and non-disclosures – to their detriment in that they would not have purchased the washers had they known the true facts.

53.     Plaintiff and other purchasers have suffered injury in fact and have lost money as a result of Defendant's unfair competition in that they have overpaid for the Miele Washing Machines, incurred expenses in attempting to repair these machines or remedy the mold and/or mildew, and/or would not have purchased a Miele Washing Machine had Defendant not misrepresented and omitted disclosing the fact that these machines have a propensity to develop mold and/or mildew.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.     Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.     Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.     Imposing a constructive trust on amounts wrongfully collected from Plaintiff and the Class members pending resolution of their claims herein;

F.     Compelling Defendant to establish a program to inspect, repair and replace defective Miele Washing Machines;

G.     Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Miele customers who have had to pay to repair and/or replace defective Miele Washing Machines, reimburse customers who have purchased extended warranties; and

H.     Granting such further relief as the Court deems just.

## COUNT II
### Brought on Behalf of Class B
### (Violation of Cal. Bus. & Prof. Code § 17500 *et seq.* and substantially similar consumer protection laws[2])

54.     Plaintiff repeats the allegations contained in the prior paragraphs, as if fully set forth herein.

55.     Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17506.

56.     Defendant falsely advertised the performance, uses, benefits, characteristics, quality, grade and standard of its washing machines by, *inter alia*, representing that these machines were "washers" or "washing machines" as that term and phrase are normally understood, and by otherwise representing that the washing machines were machines that saved energy and water while providing outstanding cleaning and dependability.

57.     Defendant also falsely advertised by failing to disclose (and actively concealed) the defect and the material fact that its machines would accumulate mold and/or mildew through regular operation and normal use.

58.     These and other representations and omissions did deceive and are likely to deceive Plaintiff and other consumers.

59.     Plaintiff and other consumers relied upon these material misrepresentations and omissions to their detriment in that they would not have purchased the washers had they known the true facts.

60.     The false and misleading advertising conducted by Defendant continues to this day and presents a threat to the general public in that Defendant has not

---

[2]  *See* note 1.

acknowledged it wrongdoing to consumers or publicly issued an appropriate conspicuous notice to existing or prospective purchasers of its washing machines.

61.     As a result of the above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and other consumers.

62.     Defendant's conduct has proximately caused damage to Plaintiff and Class members in an amount to be proven at trial.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.     Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.     Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.     Imposing a constructive trust on amounts wrongfully collected from Plaintiff and the Class members pending resolution of their claims herein;

F.     Compelling Defendant to establish a program to inspect, repair and replace defective Miele Washing Machines;

G.     Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Miele customers who have had to pay to repair and/or replace defective Miele Washing Machines, reimburse customers who have purchased extended warranties; and

H.     Granting such further relief as the Court deems just.

## COUNT III
### Brought on Behalf of Class A
### (Breach of Implied Warranty of Merchantability)

63.     Plaintiff repeats the allegations contained in the prior paragraphs, as if fully set forth herein.

64.     At all times relevant hereto, there was duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used, and that product be acceptable in trade for the product description.

65.     Notwithstanding the aforementioned duty, at the time of delivery, Miele Washing Machines sold to Plaintiff and the Class were not merchantable.

66.     As documented in its own business records and elsewhere, Defendant was notified that the Miele Washing Machines were not merchantable with a reasonable time after the latent defect manifested itself to Plaintiff and the Class.

67.     As a result of the non-merchantability of the Miele Washing Machines described herein, Plaintiff and other members of the Class sustained a loss or damages.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.     Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.     Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.  Imposing a constructive trust on amounts wrongfully collected from Plaintiff and the Class members pending resolution of their claims herein;

F.  Compelling Defendant to establish a program to inspect, repair and replace defective Miele Washing Machines;

G.  Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Miele customers who have had to pay to repair and/or replace defective Miele Washing Machines, reimburse customers who have purchased extended warranties; and

H.  Granting such further relief as the Court deems just.

## <u>COUNT IV</u>
### Brought on Behalf of Class A
### (Unjust Enrichment (Alternative Count))

68.  Plaintiff repeats the allegations contained in the prior paragraphs, as if fully set forth herein.

69.  Defendant received and retained a benefit conferred by Plaintiff and Class Members at their expense through the purchase of Miele Washing Machines.

70.  As hereinabove alleged, Miele has benefited unjustly at Plaintiff's and Class Members' expense, which in equity and good conscience, Miele should not be permitted to retain.

71.  Plaintiffs and Class Members have no adequate remedy at law because of Miele's conduct.

72.  Under the circumstances, where Defendant has reaped these benefits by misleading the Class as to the fitness of the washing machines and failing to disclose that there was a substantial risk of mold or mildew that far exceeded the risk of such defect normally associated with similar consumer products; and that mold or mildew was not covered under the warranty, it is inequitable for Defendant to retain these benefits at the expense of Plaintiff and the Class.

73.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the Class members have suffered non-monetary and monetary injury.

74.     Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all reimbursement, restitution and disgorgement from Defendant.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.     Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.     Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.     Imposing a constructive trust on amounts wrongfully collected from Plaintiff and the Class members pending resolution of their claims herein;

F.     Compelling Defendant to establish a program to inspect, repair and replace defective Miele Washing Machines;

G.     Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Miele customers who have had to pay to repair and/or replace defective Miele Washing Machines, reimburse customers who have purchased extended warranties; and

H.     Granting such further relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Attorneys for Plaintiffs

Dated: January 14, 2013                    By:___/s/ James E. Cecchi_____
                                           JAMES E. CECCHI
                                           Lindsey H. Taylor

Caroline F. Bartlett
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Jamie E. Weiss
Julie D. Miller
COMPLEX LITIGATION GROUP LLC
513 Central Ave.
Suite 300
Highland Park, IL 60035

Jonathan Shub
Scott Alan George
SEEGER WEISS LLC
1515 Market St., Suite 1380
Philadelphia, PA 19102
(215) 564-2300

Richard J. Burke
COMPLEX LITIGATION GROUP LLC
1010 Market Street
Suite 650
St. Louis, MO  63101
(314) 621-8647